## A90A2304. SMITH v. LAW OFFICE OF TONY CENTER, P.C.
(403 SE2d 451)

CARLEY, Judge.

Appellee-plaintiff was engaged to provide legal services for appellant-defendant. A bill for those services was submitted and, when payment was not forthcoming, suit was filed. Appellant answered and counterclaimed. Appellant's counterclaim was predicated upon appellee's alleged breach of certain oral "guarantees" regarding its legal representation of her. After discovery, appellee moved for summary judgment. Before the trial court had ruled on appellee's motion for summary judgment, appellant amended her counterclaim to add a claim for legal malpractice. Thereafter, appellee neither moved pursuant to OCGA § 9-11-9.1 or § 9-11-13 (f) to dismiss the amendment to appellant's counterclaim nor moved for summary judgment thereon. Appellee's original motion for summary judgment came on for a hearing and was granted by the trial court. Appellant appeals from the grant of summary judgment in favor of appellee.

1. Appellant's sole contention on appeal is that it was error to grant the motion for summary judgment because appellee's evidence did not pierce the allegations of the amendment to her counterclaim. However, the absence of any evidence as to the amendment to appellant's counterclaim is irrelevant to the grant of appellee's motion for summary judgment. A ruling by the trial court as to the amendment to appellant's counterclaim has never been invoked. Appellee's motion went only to its main claim and appellant's original counterclaim for breach of oral "guarantees," and the trial court's order does not purport to grant summary judgment in favor of appellee as to any claims but those. Appellant's amended counterclaim for legal malpractice has not been the subject of a motion to dismiss or a motion for summary judgment and obviously remains pending in the trial court.

Appellant advances no reason why the grant of summary judgment as to appellee's main claim and the original counterclaim for breach of oral "guarantees" is erroneous and should be reversed. Accordingly, the trial court's grant of *partial* summary judgment as to those claims must be affirmed without regard to the current pendency in the trial court of appellant's amended counterclaim for legal malpractice.

2. Appellee's motion for an award of ten percent damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 7, 1991.

*William L. Horton*, for appellant.
*Tony Center*, pro se.